UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Noel Castro,
    Petitioner

    v.                                        Civil No. 06-cv-011-SM
                                               Opinion No. 2006 DNH 025
United States of America,
    Government

**O R D E R**

Petitioner seeks relief under 28 U.S.C. § 2255. As he acknowledges, however, this is his second § 2255 petition. The first was filed in Castro v. United States, No. 97-cv-264-M. Judgment denying relief was entered on July 7, 1997.

Petitioner faces a number of difficulties with respect to his current petition, but the dispositive one here is that this court is without jurisdiction to entertain his second or successive petition. 28 U.S.C. § 2255. See also Pratt v. United States, 129 F.3d 54 (1st Cir. 1997). None of the recognized exceptions to that rule seem to apply: Petitioner is challenging the same judgment and sentence he challenged in 1997; he does not claim newly discovered evidence sufficient to establish his

innocence nor does he invoke a new rule of constitutional law made retroactive by the Supreme Court that was previously unavailable; the prior petition was not rejected for failing to pay a filing fee; nor was it in substance a petition under § 2241 rather than § 2255; petitioner is not challenging parts of a judgment that arose as the result of success on the earlier petition, etc.  See 28 U.S.C. § 2255; United States v. Barrett, 178 F.3d 34 (1st Cir. 1999).

In order to proceed with his second petition, then, petitioner must first obtain authorization from the United States Court of Appeals for the First Circuit.

Although transfer of a second petition to the court of appeals for consideration is sometimes the preferable disposition, see 28 U.S.C. § 1631; Pratt, supra, transfer is not mandated in this circuit.  Petitioner is not facing any delicate statute of limitations or certificate of appealability issues that might warrant transfer.  His petition, although cloaked in terms of "actual innocence" claims, actually seeks sentence relief under United States v. Booker, 543 U.S. 220 (2005).

Relief on that ground is not likely.  The Court of Appeals has made it clear that, in the absence of a Supreme Court decision rendering <u>Booker</u> retroactive, § 2255 is not available to advance <u>Booker</u> claims.  <u>Cirilo-Munoz v. United States</u>, 404 F.3d 527 (1st Cir. 2005).  In short, nothing in the petition suggests that transfer is preferable to dismissal.

   Accordingly, the petition is dismissed for lack of jurisdiction.  Notwithstanding dismissal by this court, however, petitioner remains free to seek authorization from the court of appeals to file a second or successive petition under § 2255.

   **SO ORDERED.**

   _____
   Steven J. McAuliffe
   Chief Judge

February 28, 2006

cc:  Noel Castro
     Peter E. Papps, Esq.
     U.S. Probation
     U.S. Marshal